IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LORETTA B. DUNN; LAUREN M. DUNN,<br><br>Plaintiffs,<br><br>vs.<br><br>KUHIO MOTORS, INC. dba KUHIO AUTO GROUP; RYAN MACKEY; LANCE E ROHRER, *et al*.,<br><br>Defendants. | CIVIL NO. 16-00319 DKW-KJM<br><br>**ORDER GRANTING (1) KUHIO AUTO'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (2) TD AUTO AND TD BANK'S MOTION TO DISMISS; AND (3) HYUNDAI'S MOTION TO DISMISS** |

**ORDER GRANTING (1) KUHIO AUTO'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (2) TD AUTO AND TD BANK'S MOTION TO DISMISS; AND (3) HYUNDAI'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs Loretta B. Dunn and Lauren M. Dunn, proceeding pro se, allege primarily state law violations arising from the July 2015 trade-in of two used vehicles and a financed-purchase of a new vehicle at Kuhio Motors, Inc. dba Kuhio Auto Group ("Kuhio Auto"). According to Plaintiffs, soon after the trade-in/purchase, they discovered that their new vehicle was a "lemon," but neither the dealership nor the manufacturer, Hyundai Motors America ("Hyundai"), resolved the matter sufficiently. To the contrary, Plaintiffs allege that Kuhio Auto

1

employees actively committed fraud and unfair and deceptive business practices, instead of remedying the mechanical issues with the defective car. However, because Plaintiffs' Complaint fails to adequately allege any basis for this Court's jurisdiction, the Court is without the authority to act. Accordingly, Defendants' motions to dismiss are granted for the reasons set forth below. Plaintiffs are granted leave to file an amended complaint, as indicated.

## BACKGROUND

Plaintiffs purchased a new 2014 Hyundai Sonata from Kuhio Auto on July 1, 2015. As part of the transaction, they traded in a 2008 Nissan Versa and a 2013 Hyundai Santa Fe and financed the difference in price between the trade-ins and the Sonata. Complaint at 8. On July 23, 2015, Kuhio Auto Finance Manager Lance Rohrer required Plaintiffs to sign additional contracts due to a "mistake in GAP insurance," but did not provide Plaintiffs sufficient time to review the contracts before they signed the documents in his office. Complaint at 8. Shortly thereafter, the Sonata suffered repeated mechanical issues, including dead batteries, brake failures, swerving and pulling to the side, rolling backwards while in park, and an inoperable sunroof and doors. These problems required multiple visits to Kuhio Auto for services and repairs throughout the summer and fall of 2015, all to no avail. Complaint at 8-10.

Plaintiffs made several attempts to contact Kuhio Auto management and Hyundai Motors to complain about their unresolved issues with the Sonata. According to Plaintiffs, no satisfactory response was received from anyone at Kuhio Auto and, as a result, Loretta Dunn experienced extreme emotional distress and marked decreases in her physical health. Complaint at. 10. On December 22, 2015, Plaintiffs allege that they received a phone call from Leila Bidad, Hyundai Case Manager, advising that an investigation concluded that they "have a lemon." Complaint at 10. They again returned the Sonata to Kuhio Auto for repairs in December 2015, believing it unsafe to drive, and Hyundai appears to have provided a rental car for a period of one month. Complaint at 11.

Plaintiffs contend that Kuhio Auto knowingly sold them a "lemon" and that when confronted, management refused to show them their paperwork. Complaint at 11. Plaintiffs assert that they are "making a formal complaint against TD Bank, TD Auto Finance, Kuhio Auto Group, Ryan Mackey, and Lance Rohrer. . . , [c]oncerning various automobile transactions, fraudulent contract, credit fraud, and more[.]" Complaint at 5. Plaintiffs contend they are "victims in an elaborate fraud ring between 2014-2016 on Kauaʻi Hawaiʻi," and have "evidence proving fraud, forgery, deceptive business practices, lemon law and more." Complaint at 7. The Complaint lists over two pages of federal and state statutes and regulations, as well as common law causes of actions – untethered to any supporting factual allegations

– which Plaintiffs believe afford them relief.[1]   Under the heading, "Federal Court Jurisdiction," Plaintiffs list:

>  RICO U.S.C. § 1961-1968 FRAUD, RACKETEERING, COUNTERFITTING
> 
>  31 U.S.C. § 5318(g) and 31 C.F.R. § VIOLATION OF BANK SECRECY ACT
> 
>  31 C.F.R. § 1010.415 RECORD-KEEPING VIOLATIONS
> 
>  31 C.F.R. § 1010.311 CURRENCY TRANSACTION REPORT

Complaint at 6.

Although the precise remedy sought by the Complaint is not clear, it appears that Plaintiffs seek some form of compensatory relief for the loss of their vehicle and general damages for other losses.   Defendants move to dismiss on various grounds.

---

[1] In one portion of the Complaint, Plaintiffs list the following:

> FRAUD, FORGERY, RACKETEERING, VIOLATION OF BANK SECRECY ACT, DECEPTIVE BUSINESS PRACTICES, SALE OF DECEPTIVE IDENTIFICATION DOCUMENT, UNFAIR BUSINESS PRACTICES, TRUTH IN LENDING, OFFENSES AND PENALTIES, MOTOR VEHICLE WARRANTIES, LEGISLATIVE INTENT, LEMON LAW RIGHTS, COERCION BY MANUFACTURER OR DISTRIBUTOR UNLAWFUL, SENIOR CITIZENS, EXTREME PSYCHOLOGICAL ABUSE, SOCIAL SECURITY PROTECTION, COMMON LAW FRAUD, HAWAII NATIONAL AND INTERNATIONAL BANKS REGULATION, EXTENSION BY FRAUDULENT CONCEALMENT, CRIMINAL CONSPIRACY, CRIMINAL STIMULATION, TAMPERING WITH GOVERNMENT RECORD, CIVIL PENALTY, ENDLESS CHAIN SCHEMES, RICO

Complaint at 5.

## STANDARD OF REVIEW

I. **Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. A plaintiff has the burden of proving that subject-matter jurisdiction exists. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. *Id.* A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [plaintiff's] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

II. **Failure To State A Claim**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570

(2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

## DISCUSSION

**I.     The Complaint Does Not Establish Subject Matter Jurisdiction**

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two ways. First, a plaintiff may invoke the court's diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). In order to establish diversity jurisdiction, a plaintiff must establish complete diversity of the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

Second, Plaintiffs may assert federal question jurisdiction based on allegations that a defendant violated the Constitution, a federal law, or treaty of the United States. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has recognized that a "plaintiff properly invokes § 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). As discussed below, Plaintiffs fail to establish the Court's subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332.

### A. Diversity Jurisdiction Is Lacking

Plaintiffs make no attempt to establish diversity jurisdiction under Section 1332(a), nor could they in light of their Hawaii citizenship and that of defendants Kuhio Auto, Mackey, and Rohrer. The Court lacks diversity jurisdiction because Plaintiffs and at least one defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a)(1).

### B. Federal Question Jurisdiction Is Lacking

Nor do Plaintiffs establish federal question jurisdiction under Section 1331. Although Plaintiffs list four federal statutes and regulations at various points in their Complaint, none states a plausible claim for relief under federal law. Accordingly, for the reasons detailed below, the Court does not have federal question jurisdiction pursuant to Section 1331.

To the extent Plaintiffs attempt to state a civil RICO claim, they must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961. The Complaint does not sufficiently plead any of these elements. For example, Plaintiffs do not identify the predicate acts that form the basis of the alleged "scheme of racketeering." *See Graf v. Peoples*, 2008 WL 4189657, *6 (C.D. Cal. Sept. 4,

2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations.  Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American–Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).  Accordingly, Plaintiffs fail to state a civil RICO claim or establish the Court's federal question jurisdiction based upon such a claim.

     Plaintiffs also cite the Bank Secrecy Act, 31 U.S.C. § 5318(g), and related regulations as providing the Court with jurisdiction.  Plaintiffs, however, cannot plausibly state a claim for relief under the statute.  The Bank Secrecy Act requires financial institutions to file Currency Transaction Reports ("CTR") to aid in detecting and preventing money laundering when individuals make cash deposits in excess of $10,000.  *See* 31 U.S.C. §§ 5311 *et seq.*  One cited regulation directs financial institutions to take additional action with regard to suspicious transactions.  31 C.F.R. § 1010.320.  Another identified regulation requires financial institutions

to file CTRs and obtain and record information for the purchasers of cashier's checks, money orders, and traveler's checks. 31 C.F.R. § 1010.415. A third regulation cited in the Complaint mandates that financial institutions, other than casinos, file a report of each deposit, withdrawal, or exchange of currency or other payment or transfer of currency of more than $10,000. 31 C.F.R. § 1010.311. None of these regulations appear relevant to Plaintiffs' allegations or July 2015 transaction. More importantly, neither the Bank Secrecy Act, nor the regulations promulgated thereunder, provide for a private cause of action. *See Sterling Sav. Bank v. Poulsen*, 2013 WL 3945989, at *19 (N.D. Cal. July 29, 2013) (citing *In re Agape*, 681 F. Supp. 2d 352, 360–61 (E.D.N.Y. 2010)); *El Camino Res., LTD. v. Huntington Nat. Bank*, 722 F. Supp. 2d 875, 923 (W.D. Mich. 2010), *aff'd,* 712 F.3d 917 (6th Cir. 2013) ("[I]t is now well settled that the anti-money-laundering obligations of banks, as established by the Bank Secrecy Act, obligate banks to report certain customer activity to the government but do not create a private cause of action permitting third parties to sue for violations of the statute."); *Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 326 (D. Conn. 2008).

In sum, nowhere in the Complaint do Plaintiffs provide a legitimate basis for this Court to hear this case. Plaintiffs' claims sounding in tort, breach of contract, unfair and deceptive business practices, and fraud are state law claims that may be appropriately brought in Hawaii state courts. These claims may not, however, be

brought in federal court, absent a clearly-pled basis for federal jurisdiction. *See Thompson*, 99 F.3d at 353 ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Accordingly, the Court is without the authority to adjudicate these claims, and the Complaint is DISMISSED.

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment *may* be possible,[2] the Court GRANTS leave to file an amended complaint, as set forth below.

## II. Insufficiency Of Service On TD Bank And TD Auto

Defendants TD Auto Finance, LLC ("TD Auto") and TD Bank, N.A. ("TD Bank") move to dismiss the claims against them due to insufficient service on a branch manager at a TD Bank branch in Maine and because the summons was never served on TD Auto.[3]

---

[2]For example, while Plaintiffs list "motor vehicle warranties" in the Complaint without further factual enhancement or explanation, it is not clear whether they may properly assert a federal consumer cause of action, such as based on the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*.

[3]TD Auto and TD Bank also join in other defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim.

11

Plaintiffs' proof of service and summons both listed TD Auto, but not TD Bank. *See* Dkt. No. 15. The TD Auto summons was served on a TD Bank branch manager in Maine, but no summons addressed to TD Bank was ever served and no proof of service for such summons was filed with the Court. Accordingly, TD Bank has not yet been served pursuant to Federal Rule of Civil Procedure 4.

Even had TD Bank been properly served, the manager of the Maine TD Bank branch is not authorized to accept service on behalf of TD Auto (to whom the summons was addressed), a separate entity. *See* Declaration of Claire Wong Black, Exs. A-B (Registered Agents For Service In Hawaii and Maine).

Accordingly, TD Auto and TD Bank's motion to dismiss is granted for the additional reason that Plaintiffs' attempted service was insufficient as to these parties. Plaintiffs are cautioned that, although they are proceeding pro se, they must follow the same rules of procedure that govern other litigants.

### III.   Leave To Amend Is Granted

As discussed above, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **October 31, 2016**. This Order limits Plaintiffs to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.

If Plaintiffs choose to file an amended complaint in this Court, they must clearly identify the basis for this Court's subject matter jurisdiction. Plaintiffs

should also clearly allege the following: (1) the constitutional or statutory right they believe was violated; (2) the name of the defendant who violated that right or law; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of law; and (5) what specific injury Plaintiffs suffered because of that defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Plaintiffs must repeat this process for each person or entity named as a defendant.  If Plaintiffs fail to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint.  Rather, any specific allegations must be retyped or rewritten in their entirety.  Failure to file

an amended complaint by October 31, 2016 will result in automatic dismissal of this action without prejudice.

## CONCLUSION

For the foregoing reasons, the following motions are granted: Kuhio Auto's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 16); TD Auto and TD Bank's Motion to Dismiss And Joinder In Defendant Kuhio Auto Group's Motion To Dismiss (Dkt. No. 22); Hyundai's Motion to Dismiss and Joinder to Kuhio Auto's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 25); and Kuhio Auto's Joinders to TD Defendants and Hyundai's motions. (Dkt. Nos. 37 and 38).

Plaintiffs are granted leave to file an amended complaint, consistent with the terms of this Order. Failure to file an amended complaint by **October 31, 2016** will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: October 11, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Dunn v. Kuhio Auto Group et al.; CV 16-00319 DKW-KJM; **ORDER GRANTING (1) KUHIO AUTO'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (2) TD AUTO AND TD BANK'S MOTION TO DISMISS; AND (3) HYUNDAI'S MOTION TO DISMISS**

14