IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LORETTA B. DUNN; LAUREN M. DUNN,<br><br>         Plaintiffs,<br><br>    vs.<br><br>KUHIO MOTORS, INC. dba KUHIO AUTO GROUP; RYAN MACKEY; LANCE E ROHRER, *et al*.,<br><br>         Defendants. | CIVIL NO. 16-00319 DKW-KJM<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On June 16, 2016, Plaintiffs Loretta B. Dunn and Lauren M. Dunn, proceeding pro se, filed a complaint against Kuhio Motors, Inc. dba Kuhio Auto Group ("Kuhio Auto") and Hyundai Motors America ("Hyundai"), alleging primarily state law violations arising from the July 2015 trade-in of two used vehicles and a financed-purchase of a new vehicle, which they contend was a "lemon." On October 11, 2016, the Court entered an order granting Defendants' motions to dismiss[1] and granting Plaintiffs leave to file an amended complaint by

---

[1] The Order granted the following motions: Kuhio Auto's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 16); TD Auto and TD Bank's Motion to Dismiss And Joinder In Defendant Kuhio Auto Group's Motion To Dismiss (Dkt. No. 22); Hyundai's Motion to Dismiss

October 31, 2016. Dkt. No. 49. The Court cautioned Plaintiffs that failure to file an amended complaint by October 31, 2016 would result in the dismissal of this action without prejudice.

Instead of filing an amended complaint in this Court, Plaintiffs elected to file a new civil action against these same defendants in the Fifth Circuit Court, State of Hawaii on October 7, 2016. *See Dunn v. Kuhio Motors , Inc.,* 5CC16-1-000152 (*available at* http://hoohiki.courts.hawaii.gov/#/case?caseId=5CC161000152).

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss an action for failure to comply with an order requiring the plaintiff to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition

---

and Joinder to Kuhio Auto's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 25); and Kuhio Auto's Joinders to TD Defendants and Hyundai's motions. (Dkt. Nos. 37 and 38).

of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the specific circumstances presented and in light of Plaintiffs' election to initiate a civil action in Hawaii state court, apparently in lieu of proceeding here. The Court's October 11, 2016 Order was clear:

> As discussed above, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **October 31, 2016**. This Order limits Plaintiffs to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.
>
> ****
>
> Failure to file an amended complaint by October 31, 2016 will result in automatic dismissal of this action without prejudice.
>
> ****
>
> Plaintiffs are granted leave to file an amended complaint, consistent with the terms of this Order. Failure to file an amended complaint by **October 31, 2016** will result in the dismissal of this action without prejudice.

10/11/16 Order at 12-14 (Dkt. No. 49).

The Court attempted to avoid outright dismissal of this action by granting Plaintiffs leave and providing specific guidance regarding the filing of an amended complaint. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally

3

dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Plaintiffs' election to file a new action in state court and failure to comply with the Court's October 11, 2016 Order.   The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.   On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: November 7, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Dunn v. Kuhio Auto Group et al.; CV 16-00319 DKW-KJM; **ORDER DISMISSING CASE**